UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **JOSEPH A PITRE** | **CASE NO.  6:22-CV-05166** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **JULIUS ALSANDOR ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

**REPORT AND RECOMMENDATION**

Before this Court is a MOTION TO DISMISS FOR FAILURE TO COMPLY WITH THE COURT'S ORDER COMPELLING DISCOVERY filed by defendant Housing Authority of Opelousas ("OHA"). (Rec. Doc. 38).  This motion is unopposed.  The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636.  Considering the evidence, law, and argument, and for the reasons explained below, this Court recommends that the OHA's motion be GRANTED and, accordingly, all remaining claims by Plaintiff Joseph A. Pitre against OHA be DENIED and DISMISSED with prejudice.

**Factual Background**

Pitre filed suit, appearing *pro se*, in this Court on August 30, 2022 alleging violations of his civil rights by OHA, its Executive Director, members of OHA's Board of Directors, and Opelousas Mayor Julius Alsandor. (Rec. Doc. 1).  Pitre claims that he was named as OHA's Interim Executive Director in 2020 but was not selected for the position on a permanent basis because of discrimination and retaliation based on sex and age.  (Rec. Doc. 1-1).  Having enrolled counsel in the interim, Pitre amended his Complaint on May 5, 2023.  (Rec. Doc. 11). Pitre's claims against Mayor Alsandor, OHA Executive Director Toya Chavis, and board members Mary Alice Cole, Linda Prudhomme, Anna Simons, and Johnnie B. Simmons were dismissed on September 15, 2023 based on Pitre's failure to effect service upon these

defendants within applicable delays. (Rec. Doc. 15). Pitre enrolled new counsel on his behalf on February 6, 2024. (Rec. Doc. 17). Trial was set for May 27, 2025. (Rec. Doc. 24). Pitre next sought to substitute his former counsel for his then-current counsel, which was granted on June 12, 2024. (Rec. Doc. 28). On January 29, 2025, Pitre's counsel again sought to withdraw. (Rec. Doc. 31). This Court granted the motion, rendering Pitre a *pro se* litigant once again. (Rec. Doc. 33). Following a telephone scheduling conference before the undersigned, trial was reset for January 26, 2026. (Rec. Doc. 40). During the telephone conference, counsel for OHA raised the issue of outstanding discovery, which Pitre felt he could not answer without certain case documents he did not have because of the withdrawal of his prior counsel. (Rec. Doc. 38). To assist Pitre, OHA's counsel agreed to forward a copy of Pitre's deposition transcript, his Original and Amended Complaints, all propounded discovery and the Rule 26(f) report to Pitre via U.S. Mail. (*Id.*).

OHA filed a Motion to Compel on June 11, 2025 seeking responses to discovery propounded upon Pitre in October of 2024 in conjunction with a Notice of Deposition. (Rec. Doc. 41). This Court set the motion for hearing with oral argument, directing Pitre to appear in person. (Rec. Doc. 42). A hearing was held on July 21, 2025, at which Pitre appeared, *pro se*, and attorney Gregory Belfour appeared on behalf of OHA. (Rec. Doc. 46). Following that hearing, the undersigned issued an order granting OHA's Motion to Compel and directing Pitre to "provide complete and thorough responses to all discovery propounded upon him by OHA on or before August 11, 2025." (Rec. Doc. 47 at p. 2). This order reiterated the warning given to Pitre in open court that any failure to comply would subject Pitre to sanctions, including dismissal for failure to prosecute his case. (*Id.*).

OHA's instant Motion to Dismiss, filed on August 21, 2025, seeks dismissal based on Pitre's continued failure to comply with discovery as ordered. (Rec. Doc. 48). Specifically, OHA asserts that Pitre failed to provide any response to Interrogatories 16, 20, or 21 and

provided insufficient responses to Interrogatories 5 and 11. (Rec. Doc. 48-2 at pp. 1–2). OHA further notes that, despite admitting that he possessed certain relevant documents, requested for production in October 2024, Pitre has never produced any documents in this matter. (*Id.* at p. 2). Briefing delays were set by Notice of Motion Setting issued the same date. (Rec. Doc. 49). Pitre filed no brief in opposition or other response.

## Applicable Standards

Rule 16(f)(1) of the Federal Rules of Civil Procedure provides for the imposition of sanctions, including those authorized under Rule 37(b)(2)(A), where a party fails to comply with a court's discovery or scheduling order. Particularly relevant here, Rule 37(d) specifically provides for sanctions where a party fails to answer interrogatories or requests for production of documents. Subsection (b)(2)(A)(v) includes the dismissal "in whole or in part" of the suit as an available sanction in such instances.

Dismissal is an appropriate sanction where the plaintiff's failure to comply with court orders arises from willfulness or bad faith, accompanied by a record of delay or contumacious conduct, and which conduct would not be deterred by lesser sanctions. *Hickman v. Fox Television Station, Inc.*, 177 Fed. App'x 427, 428 (5th Cir. 2006) (citing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992); *Stearman v. Comm'r*, 436 F.3d 533, 535 (5th Cir. 2006)). Additional factors, such as whether the delay was caused by plaintiff and not his counsel, actual prejudice to the defendant, and whether the delay was caused by intentional conduct can be considered. *Id.* (citing *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

## Analysis

The record before this Court indicates that Pitre has willfully failed to comply with this Court's July 21 order directing him to provide "complete and thorough" answers to all discovery propounded upon him by OHA. (Rec. Doc. 47). At the hearing on OHA's Motion to Compel, Pitre expressed worry that in providing responses to discovery, he would "subject

3

himself to some unforeseen penalty or liability because of his incomplete knowledge or understanding of certain events" and was overwhelmed at the thought of responding to discovery, such that he had not actually reviewed the propounded discovery at that time. (*Id.* at p. 1). Noting Pitre's *pro se* status and his understandable lack of legal experience, this Court nevertheless advised Pitre during the hearing to work to provide responses to all interrogatories and requests for production propounded by OHA, as such was his obligation under Rule 37.

The record does not indicate that Pitre is somehow unable to provide responses to Interrogatories 16, 20, and 21, or that his failure to obey this Court's July 21 order is due to the actions or inactions of his former counsel. OHA is entitled to conduct discovery in this case and is unduly prejudiced by Pitre's failure to provide ordered responses. Finally, Pitre's failure to provide complete and thorough responses is admittedly willful. Having considered the facts in this matter, including the many opportunities afforded to Pitre to answer OHA's outstanding discovery, this Court finds that no sanction lesser in severity than dismissal will cure Pitre's contumacious conduct or mitigate the prejudice to OHA in preparing this case for the assigned January 26, 2026 trial date.

## Conclusion

For the reasons discussed herein, the Court recommends that the MOTION TO DISMISS FOR FAILURE TO COMPLY WITH THE COURT'S ORDER COMPELLING DISCOVERY (Rec. Doc. 48) be GRANTED and, accordingly, that all remaining claims by plaintiff Joseph A. Pitre against sole remaining defendant Opelousas Housing Authority be DISMISSED WITH PREJUDICE for failure to comply with the Court's orders and for failure to prosecute under Rules 16 and 37 of the Federal Rules of Civil Procedure.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and

recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.

**THUS DONE** in Chambers, Lafayette, Louisiana, on this 25th day of November, 2025.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**